UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| SHELDON J. ENGLISH | | |
| | Plaintiff, | **DECISION** |
| | | **and** |
| v. | | **ORDER** |
| | | |
| INV. K. PERO, | | **07-CV-230F** |
| TECH. R. RICE, | | (Consent) |
| | Defendant. | |

_____

APPEARANCES:   SHELDON J. ENGLISH, *Pro Se*
           14636-055
           LEWISBURG U.S. PENITENTIARY
           Inmate Mail/Parcels
           P.O. BOX 1000
           Lewisburg, PA 17837

           THOMAS S. RICHARDS
           Corporation Counsel, City of Rochester
           Attorney for Defendants
           MATTHEW D. BROWN
           Assistant Corporation Counsel, of Counsel
           City Hall, Room 400-A
           30 Church Street
           Rochester, New York, 14614-1295

  In this action seeking compensatory and punitive damages based on Defendants' alleged violations of Plaintiff's civil rights during his arrest on April 22, 2005, Plaintiff and Defendants have satisfied the court's order to show cause why the complaint should not be dismissed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994), (Doc. No. 16), filed March 13, 2008.

  In Plaintiff's response to the order to show cause (Doc. No. 17), filed April 4, 2008, Plaintiff asserts that on February 6, 2007, Plaintiff was convicted of one out of three counts arising from his arrest, a weapons charge, and that he was acquitted of the

two other counts that related to drug possession.  *Id.* at 2.  Plaintiff's response includes a transcript of the reading of the jury's verdict from Plaintiff's trial, which supports Plaintiff's assertions.  *Id.* at 5.

In his complaint (Doc. 1), filed April 6, 2007, Plaintiff alleges that Defendants Rice and Pero planted drugs in his vehicle during a search of the vehicle at the Rochester Police Headquarters.  Plaintiff further alleges that the search during which the drugs were allegedly planted was conducted eight to ten hours after the initial search of his vehicle at the time of his arrest.  *Id.* at 5.  According to Plaintiff, it was the initial search that led to Plaintiff's arrest on weapons charges, and the later search which led to the drug charges.  *Id.* at 5.

The court's preliminary review indicated that Plaintiff had no cognizable claim with respect to the initial search of his vehicle because of Plaintiff's failure in the complaint to meet the acquittal or invalidation requirement established by *Heck v. Humphrey*, 512 U.S. 477 (1994).  However, based Plaintiff's and Defendants' responses to the court's order, the court's review with respect to Plaintiff's claims arising from the second search of Plaintiff's vehicle, and the alleged implantation of drug evidence by Defendants Rice and Pero, indicates, at this early stage, that this search constitutes a separate course of conduct leading to distinct criminal charges that resulted in acquittal.  Defendants do not contend otherwise.  Plaintiff's claim is therefore not precluded by the invalidation or acquittal requirement of *Heck v. Humphrey.*  "[A] defendant convicted of one offense but acquitted of another during the same proceedings may bring a malicious prosecution claim with respect to the acquitted offense if the two charges are 'distinct offenses involving distinct allegations.'" *Washington v. Kelly*, 2004 WL 2601136

*3 (S.D.N.Y. Nov. 16, 2004) (quoting *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989)).  Plaintiff's claim therefore should not be dismissed at this time.

## CONCLUSION

Based on the foregoing, the court vacates the order to show cause (Doc. No. 16), filed March 13, 2008, without prejudice and subject to Defendants' right to formally move for dismissal of the complaint should further proceedings suggest a basis for such a request.  Pretrial conference, pursuant to Fed.R.Civ.P. 16(b), will be scheduled forthwith.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 5, 2009
	Buffalo, New York