UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHELDON J. ENGLISH,

         Plaintiff,

v.

INV. K. PERO, Off # RPD, and
TECH R. RICE, Off # RPD,

         Defendants.

**DECISION
and
ORDER**

**07-CV- 00230F**
**(consent)**

---

  Plaintiff Sheldon J. English ("Plaintiff"), commenced this action on April 6, 2007, alleging Defendants violated Plaintiff's civil rights during his arrest on April 22, 2005. Defendants' answer was filed on May 22, 2007. The parties to this action consented to proceed before the undersigned on June 13, 2007.

  On November 18, 2008, Plaintiff filed a motion to compel discovery (Doc. No. 21) ("Plaintiff's motion"). Plaintiff's motion consists of a single page, stating, in its entirety:

  1. The Plaintiff in this suit files this motion asking the Defendants to disclose discovery that pertains to this case.
  2. The Plaintiff has turned over prior to this motion all documents that pertains to the Plaintiff discovery to the Defendants.

Plaintiff's motion.

Plaintiff's motion is unaccompanied by any affidavit or memorandum of law explaining what discovery demands Plaintiff has served on Defendants and to which Defendants failed to respond, or whether the motion pertains to initial discovery under Fed. R. Civ. P. 26(a).

  Although Fed. R. Civ. P. 26(a)(1)(A) provides that initial disclosures are to be made "without awaiting a discovery request . . . ," the parties to an action must make

such disclosures "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Here, a scheduling order filed June 25, 2007 (Doc. No. 11), directs that parties to provide to the undersigned, not later than August 3, 2007, a proposed case management order pursuant to Rule 16(b), and further directs the parties to confer, pursuant to Rule 26(f), prior to August 3, 2007.

The June 25, 2007 scheduling order was amended twice, including on February 13, 2008, and July 27, 2009, to allow for consideration of other matters, including, *inter alia*, an order directing the parties to show cause, filed March 12, 2008 (Doc. No. 16), as to why the Complaint should not be dismissed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994). In a Decision and Order filed March 5, 2009 (Doc. No. 24), the undersigned held the parties had satisfied the order to show cause why the complaint should not be dismissed, and advised that a Rule 16(b) pretrial conference would be scheduled.

The July 27, 2009 scheduling order, (Doc. No. 25), directs the parties to provide to the undersigned, not later than August 28, 2009, a proposed case management order, as required by Rule 16(b), and further directs the parties to confer, pursuant to Rule 26(f), prior to August 28, 2009. As such, because Defendants were not required to provide Rule 26(a)(1)(A) initial disclosures until the Rule 26(f) conference, which was to be held prior to August 28, 2009, Plaintiff's motion is premature.

Moreover, the court's records do not indicate that Plaintiff has served any formal discovery requests. Should Defendants fail to respond to any such requests, Plaintiff may, of course, file a motion to compel. Any such motion should comply with Rule 37 of the Local Rules of Civil Procedures for the Western District of New York ("the Local

Rules"). The parties are reminded that all discovery requests and responses must be filed with the Clerk of the Court in accordance with Rule 7.1(a)(1) of the Local Rules.

Plaintiff's motion to compel (Doc. No. 21) is DISMISSED as premature.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 24, 2009
Buffalo, New York