UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHELDON J. ENGLISH,

Plaintiff,

v.

INV. K. PERO, Off # RPD, and
TECH R. RICE, Off # RPD,

Defendants.

**DECISION and ORDER**

**07-CV-00230F (consent)**

---

APPEARANCES:

SHELDON J. ENGLISH, *Pro Se*
14636-055
COLEMAN II, U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 1034
Coleman, Florida 33521

JEFF EICHNER
Acting Corporation Counsel
City of Rochester, Law Department
MATTHEW D. BROWN, and
SPENCER L. ASH,
Assistant Corporation Counsel, of Counsel
City Hall, Room 400-A
30 Church Street
Rochester, New York 14614-1295

## JURISDICTION

On June 13, 2007, the parties to this action consented pursuant to 28 U.S.C. § 636(c)(1), to proceed before the undersigned. The matter is presently before the court on motions for summary judgment filed by Defendants on July 12, 2010 (Doc. No. 30), and by Plaintiff on December 8, 2010 (Doc. No. 33).

## BACKGROUND and FACTS[1]

Plaintiff Sheldon J. English ("Plaintiff" or "English"), proceeding *pro se*, commenced this civil rights action on April 6, 2007, alleging that on April 22, 2005, while Plaintiff was being detained at Monroe County Jail in Rochester, New York, after being arrested for criminal weapons possession, Defendants Rochester Police Department ("RPD") Officers Investigator K. Pero ("Pero"), and Technician R. Rice ("Rice") (together, "Defendants"), unlawfully planted illegal narcotics in a vehicle in which Plaintiff had been a passenger, which were found during an inventory search subsequent to Plaintiff's arrest. On October 18, 2005, Plaintiff was indicted by a federal grand jury in connection with the April 22, 2005 incident on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). (05-CR-6142, Doc. No. 1)[2] ("Indictment"). Following arraignment on the Indictment on October 20, 2005 (05-CR-6142, Doc. No. 8), Plaintiff, by Order filed October 31, 2005 (05-CR-6142, Doc. No. 10), was ordered detained pursuant to 18 U.S.C. § 3142(e). On March 10, 2006, a hearing was held regarding the continued detention of Plaintiff (05-CR-6142, Doc. No. 25), and an Order of Detention Pending Trial was filed indicating there was a serious risk of danger to the safety of another person or the community should Plaintiff

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] References to "05-CR-6142" are to the docket for the criminal proceedings against Plaintiff which is the predicate for Plaintiff's civil rights action, and of which the court takes judicial notice. *See* Federal Rules of Evidence 201(b) (judicial notice may be taken of fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned"); *see also Singh v. United States Department of Homeland Security*, 526 F.3d 72, 80 & n. 9 (2d Cir. 2008) (taking judicial notice of trial court docket sheet and transcript of plea colloquy which were not subject to reasonable dispute as establishing the plaintiff had been criminally convicted).

be released. (05-CR-6142, Doc. No. 26).

In a Superseding Indictment returned on August 10, 2006, while Plaintiff remained detained pending trial on the Indictment, Plaintiff was charged with criminal violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm (Count 1), and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession with intent to distribute cocaine (Count 2). (05-CR-6142, Doc. No. 48) ("Superseding Indictment"). Plaintiff was arraigned on the Superseding Indictment on August 11, 2006. (05-CR-6142, Doc. No. 50). In a Second Superseding Indictment filed August 24, 2006 (05-CR-6142, Doc. No. 51) ("Second Superseding Indictment"), charged Plaintiff with the same two criminal violations charged in the Superseding Indictment, as well as a third criminal violation of 21 U.S.C. § 924(c)(1), possession of a firearm in furtherance of a drug trafficking crime (Count 3). Plaintiff was arraigned on the Second Superseding Indictment on August 25, 2006. (05-CR-6142, Doc. No. 52).

On February 7, 2007, following a jury trial on the Second Superseding Indictment in United States District Court, Western District of New York, Plaintiff was acquitted of counts 2 and 3, but was convicted on Count 1 (felon in possession of a firearm), for which Plaintiff, on July 11, 2007, was sentenced to 120 months in prison. (05-CR-6142, Doc. No. 89). Plaintiff's acquittal on Count 2 and 3 are the basis for the instant action in which Plaintiff asserts two causes of action for false arrest and malicious prosecution.

On July 12, 2010, Defendants filed the instant motion seeking summary judgment (Doc. No. 30) ("Defendants' motion"), supported by the attached Defendants' Statement of Facts Not in Dispute Pursuant to Rule 56 ("Defendants' Statement of Facts"), the Declaration of Assistant Corporation Counsel Spencer L. Ash in Opposition

to Plaintiff's Motion to Compel Discovery[3] and in Support of Defendants' Cross-Motion for Summary Judgment ("Ash Declaration"), Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel Discovery and in Support of Defendants' Cross-Motion for Summary Judgment ("Defendants' Memorandum"), and nine exhibits[4] ("Defendants' Exh(s). __").

On December 8, 2010, Plaintiff filed a crossmotion for summary judgment (Doc. No. 33) ("Plaintiff's motion"), supported by the attached exhibits A through F ("Plaintiff's Exh(s). __"). That same day, Plaintiff filed the Declaration of Sheldon J. English in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 34) ("Plaintiff's Response"). On December 9, 2010, Defendants filed Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 35) ("Defendants' Response"). Oral argument was deemed unnecessary.

Based on the following, summary judgment is GRANTED in favor of Defendants; and is DENIED as to Plaintiff.

**DISCUSSION**

Summary judgment on a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b);

---

[3] Plaintiff's motion to compel discovery (Doc. No. 21), filed November 18, 2008, was dismissed as premature by the undersigned by Decision and Order entered September 24, 2009 (Doc. No. 29). Why Defendants found it necessary in moving for summary judgment on July 12, 2010, to also address a motion filed by Plaintiff that was resolved by the court nine months earlier is unclear.

[4] Defendants have not used numbers or letters to separately denominate their exhibits.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322.

Fed. R. Civ. P. 56(e) requires that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

“[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996).

In the instant case, Plaintiff asserts the same claim against each Defendant, *i.e.*, that Defendants unlawfully planted illegal narcotics in a vehicle in which Plaintiff had been a passenger, which were found during an inventory search subsequent to Plaintiff’s arrest on the felony weapons charge, and then arrested and prosecuted Plaintiff for possession of the drugs and use of a firearm in furtherance of drug trafficking based on the presence of the drugs in the vehicle. Complaint, First Claim (asserted against Defendant Rice); Second Claim (asserted against Defendant Pero). According to Plaintiff, because no drugs were discovered in the vehicle when it was initially searched at the scene of the arrest, the drugs must have been placed in the

vehicle by Defendants during an inventory search of the vehicle after it was towed to by the RPD and impounded. *Id*. In support of summary judgment on his claims, Plaintiff relies on statements made by one "Springer" who's testimony at a deposition in connection with Plaintiff's criminal action explained that the vehicle was towed according to RPD policy and an inventory search conducted, Springer Deposition Transcript at 799-801 (Plaintiff's Exh. B), and the RPD Investigative Action Report indicating "[a] brief search was conducted [of the vehicle] for possible weapons" the results of which were "negative." Plaintiff's Exh. 7.[5]

Preliminarily, the court addresses the fact that Plaintiff references both the Fourth and Fourteenth Amendments as the constitutional source of his rights allegedly violated by his false arrest and subsequent malicious prosecution. Complaint, First Claim and Second Claim. "[T]he Supreme Court, however, has repeatedly held that '[w]here a particular Amendment provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Bryant v. City of New York*, 404 F.3d 128, 135-36 (2d Cir. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). It is well-established that the Fourth Amendment is the constitutional source of protection against both false arrest and malicious prosecution. *See Bryant*, 404 F.3d at 136 (analyzing both false arrest and malicious prosecution claims under the Fourth Amendment, rather than the Fourteenth Amendment which plaintiff had asserted as the

---

[5] Plaintiff does not explain why he denominates his fourth exhibit as "Exibit [sic] 7," when, based on the letter labels used for Plaintiff's other exhibits, it is apparent the exhibit should be labeled "Exhibit D."

constitutional basis for such § 1983 claims). In the instant case, the court will similarly analyze Plaintiff's false arrest and malicious prosecution claims under the Fourth Amendment.

With regard to Plaintiff's claim of unlawful arrest, the court observes that Plaintiff when the Superseding and Second Superseding Indictments charging Plaintiff with possession were returned, respectively, on August 10 and 24, 2006, Plaintiff was already detained in federal custody pursuant to the March 10, 2006 Order of Detention Pending Trial (05-CR-6142, Doc. No. 25), on the felon in possession of a firearm charge. As such, Plaintiff was never arrested in connection with the new charges of possession with intent to distribute (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3), and there is therefore no need to determine whether probable cause existed if Plaintiff had in fact been rearrested on these charges. In any event, the Superseding and Second Superseding Indictments would have provided the requisite probable cause. *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (indictment presumptively establishes probable cause). Here, the absence of any evidence in the record to overcome this presumption establishes probable cause to arrest Plaintiff. *Id*.

Accordingly, summary judgment to Defendants is GRANTED insofar as Plaintiff alleges unlawful arrest.

With regard to Plaintiff's malicious prosecution claim, all three charges in the Second Superseding Indictment on which Plaintiff was prosecuted arose out of the same events and subsequent investigation of the same crime. As such, the dismissed drug possession with intent to distribute and possession of a firearm in furtherance of a

drug trafficking crime charges (Counts 2 and 3) are not sufficiently distinct from the felon in possession of a firearm charge (Count 1) to allow Plaintiff's malicious prosecution claim to proceed. *See Thompson v. Grey*, 2009 WL 2707397, at * 5 (E.D.N.Y. Aug. 26, 2009) (dismissing plaintiff's claims for malicious prosecution on two counts of weapons possession when plaintiff was convicted on another weapons possession charge, as well as on a murder charge, all arising out of the same criminal event and subsequent investigation of the same crime scene).

Moreover, to establish a § 1983 malicious prosecution claim, the Second Circuit requires the following elements:

> (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, . . . (4) that the prosecution terminated in plaintiff's favor, . . . [and] (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.

*Rohman v. New York City Transit Authority*, 215 F.3d 208, 215 (2d Cir. 2000) (citing cases).

Significantly, "[t]he Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person - *i.e.*, the right to be free of unreasonable or unwarranted restraints on personal liberty. A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must therefore show some deprivation of liberty consistent with the concept of 'seizure.'" *Id*. (citing *Murphy v. Lynn*, 118 F.3d 938, 944-46 (2d Cir. 1997), and *Singer v. Fulton County Sheriff*, 63 F.3d 119, 116 (2d Cir. 1995)). "[S]ince the gist of a claim for malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under § 1983 must show that the seizure resulted from the initiation or pendency of judicial proceedings."

*Murphy*, 118 F.3d at 944.

In the instant case, the record establishes that Plaintiff was continually held in the custody of the RPD from the time of his arrest on the weapons possession charge on April 22, 2005, through the conclusion of the trial on such charge on February 7, 2007. Specifically, Plaintiff was initially held after his arrest on the criminal weapons possession charge, for which Plaintiff was, subsequent to his October 18, 2005 arraignment on the original Indictment solely on the criminal weapons charge, ordered detained pursuant to 18 U.S.C. § 3142(e), based on a perceived serious risk of danger to the safety of another person or to the community should Plaintiff be released prior to trial , which detention was subsequently extended by the March 10, 2006 Order of Detention Pending Trial (05-CR-6142, Doc. No. 25). It is significant that the Order of Detention Pending Trial ordering Plaintiff's continued detention pursuant to 18 U.S.C. § 3142(e) was filed on March 10, 2006 (05-CR-6142, Doc. No. 25), several months before the Superseding and Second Superseding Indictments charging Plaintiff with drug possession with intent to distribute (Count 2) and possession of a firearm in furtherance of a drug trafficking crime (Count 3) were filed in August 2006.

All the orders pertaining to Plaintiff's detention pending trial thus were issued when the only criminal charge pending against Plaintiff was the criminal weapons possession charge of which Plaintiff was convicted. In other words, even in the absence of the Superseding and Second Superseding Indictments charging Plaintiff with drug possession with intent to distribute (Count 2) and possession of a firearm in furtherance of a drug trafficking crime (Count 3), for which Plaintiff was acquitted, Plaintiff would still have endured a deprivation of his liberty as a result of the detention

order pertaining solely to the weapons possession charge (Count 1). Plaintiff is thus unable to establish the fifth element of a malicious prosecution claim, *i.e.*, that Plaintiff, based on his prosecution on Counts 2 and 3, endured "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman*, 215 F.3d at 215.

Summary judgment on Plaintiff's malicious prosecution claim is thus GRANTED in favor of Defendants, and DENIED as to Plaintiff.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 30), is GRANTED; Plaintiff's crossmotion for summary judgment (Doc. No. 33), is DENIED. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 31, 2011
Buffalo, New York

**Any appeal of this Decision and Order to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in accordance with Fed.R.App. 4(a)(1)(A) and (c).**